IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION


JIMMY DEWAYNE BURDETTE                                              PLAINTIFF


        v.                            Civil No. 11-2128

COLONEL J.R. HOWARD, Director,
Arkansas State Police; CAPTAIN STEVE
COLEMAN, Arkansas State Police Troop H;
SERGEANT JASON AARON, Arkansas
State Police Troop H; TROOPER DWIGHT
LEE; TROOPER ERIC WOLD; DUSTIN
McDANIEL, Arkansas Attorney General;
RAY SPRUELL, Sebastian County Public Defender;
NANCY PRYOR, Sebastian County Public
Defender; SANDY SANDERS, Mayor of Fort
Smith; JOHN SETTLE, Fort Smith City Attorney;
BEN BELAND, Sebastian County District
Court Judge; JAMES COX, Sebastian County
Circuit Judge; STEVEN TABOR, Sebastian
County Presiding Judge; DAVID HUDSON,
Sebastian County Judge; and CONNER ELDRIDGE,
United States Attorney                                             DEFENDANTS


**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

        On July 14, 2011, the Plaintiff, Jimmy D. Burdette, submitted this *pro se* action for filing.

The Plaintiff has filed an application to proceed *in forma pauperis* under 28 U.S.C. § 1915 (Doc.

3).  Pursuant to 28 U.S.C. § 1915(e)(2), the Court has the obligation to screen any complaint in

which an individual has sought leave to proceed IFP.  28 U.S.C. § 1915(e)(2).

        **1.  Background**

        The complaint and attachments are lengthy and duplicative.  The following facts can be

gleaned from the materials.


-1-

On the evening of January 22, 2011, the Arkansas State Police operated a sobriety check point on the Zero Street exit ramp of southbound Interstate 540. Two troopers, Dwight Lee and Eric Wold, were stopping all cars using the exit ramp. At approximately 11:25 p.m., Plaintiff exited highway I-540 onto the Zero Street off ramp.

About half-way down the ramp, Plaintiff alleges an officer was standing with a flashlight stopping every vehicle that came by. Further down the ramp, a second officer was doing the same. Plaintiff indicates there were no warning signs, cones, flares, traffic control devices, reflective vests, blue flashing lights or any other indication that there was a sobriety check point on the exit ramp.

Plaintiff was stopped and admitted to having one and a half beers in the preceding hour. Plaintiff was given a preliminary breath test (PBT) and then asked to exit his vehicle to perform standard field sobriety tests. These tests were performed in front of Trooper Lee's vehicle with the vehicle camera not in operation.

Because he has Chronic Obstructive Pulmonary Disease and takes medication for this disease, Plaintiff alleges he knew the PBT reading would be inaccurate and requested a blood test. The request was refused.

Plaintiff was arrested, charged with Driving While Intoxicated (3) and transported to the Sebastian County Detention Center. Plaintiff alleges that approximately seven minutes after his arrival, Trooper Wold attempted to give him a breath test. Plaintiff refused because Trooper Wold had not waited twenty minutes and because the test would have yielded a false positive due to his medication. Plaintiff maintains a blood test was required for clarification due to the medications. A charge of refusal to submit to chemical testing was added.

-2-

Plaintiff maintains the sobriety check point was unlawful because it was not in compliance with guidelines established by the National Highway Traffic Safety Administration Plaintiff also maintains the Breathalyzer testing procedures established by the Arkansas Department of Health were not adhered to.

Plaintiff was arraigned by Judge Ben Beland. Plaintiff retained Otto Fry as his attorney. Plaintiff was unhappy with Fry's conduct in connection with a driver control hearing and decided to represent himself. However, the court appointed Nancy Pryor to represent the Plaintiff.

Plaintiff's case was transferred to circuit court for a jury trial. Circuit Judge James Cox scheduled the case for trial on August 10, 2011.

Plaintiff asserts caused of action under 42 U.S.C. §§ 1981, 1983, 1985 & 1986. He also purports to assert criminal actions pursuant to 18 U.S.C. §§ 241, 242, 572, 1001,1621 & 1622. As relief, Plaintiff seeks compensatory and punitive damages.

### 2. Discussion

Plaintiff's claims are subject to dismissal. First, to the extent Plaintiff is attempting to bring criminal charges against various Defendants the claims are subject to dismissal. A private citizen has no right to institute criminal prosecution. *See Diamond v. Charles,* 476 U.S. 54, 64-65 (1986); *In re Kaminski,* 960 F.2d 1062, 1064 (D.C. Cir. 1992) (private party lacks judicially cognizable interest in prosecution of another person); *Lopez v. Robinson,* 914 F.2d 486, 494 (4th Cir. 1990); *Cok v. Cosentino,* 876 F.2d 1, 2 (1st Cir. 1989).

Second, Judge Ben Beland, Judge James Cox, Judge Steven Tabor, and Judge David Hudson are immune from suit. *Mireles v. Waco*, 502 U.S. 9, 11 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."); *see also Duty v. City of Springdale,* 42 F.3d 460, 462 (8th Cir. 1994). "Judges performing judicial functions enjoy

-3-

absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994).

"A judge will not be deprived of immunity because the action he took was in error, was done

maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57

(1978).

Judicial immunity is overcome in two situations: (1) if the challenged act is nonjudicial;

and (2) if the action, although judicial in nature, was taken in the complete absence of all

jurisdiction. *Mireles*, 502 U.S. at 11. It is clear from the allegations of the complaint that neither

situation applies here.

Third, the complaint as against John Settle, the prosecuting attorney, is subject to

dismissal. The prosecuting attorney is immune from suit. The United States Supreme Court, in

*Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), established the absolute immunity of a prosecutor

from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in

presenting the State's case." *Id.*, 424 U.S. at 427. This immunity extends to all acts that are

"intimately associated with the judicial phase of the criminal process." *Id.*, 424 U.S. at 430; *see

also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993)(Prosecutor acting as an advocate for the state

in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an

investigatory or administrative capacity is only entitled to qualified immunity). Based on the

allegations of the complaint, it is clear the Defendant prosecuting attorney is entitled to absolute

immunity. *See also Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996)(County

prosecutors were entitled to absolute immunity from suit).

To the extent Plaintiff seeks injunctive relief, we find the claim not cognizable. While

the Supreme Court has not held that this immunity insulates prosecutors from declaratory or

injunctive relief, *see Pulliam v. Allen*, 466 U.S. 522 (1984), a plaintiff must show some

-4-

substantial likelihood that the past conduct alleged to be illegal will recur.  Plaintiff can make

no such showing here.  Further, injunctive relief is not appropriate where an adequate remedy

under state law exists.  *Id.*, 466 U.S. at 542 & n.22.  *See also Bonner v. Circuit Court of St.*

*Louis,* 526 F.2d 1331, 1336 (8th Cir. 1975).

Fourth, the claims against Ray Spruell and Nancy Pryor are subject to dismissal.  To state

a claim under § 1983, a plaintiff must allege that the defendant, while acting under color of state

law, deprived him of a federal right.  In *Polk County v. Dodson*, 454 U.S. 312, 325 (1981), the

Supreme Court held that a public defender does not act under color of state law when performing

a lawyer's traditional functions as counsel to indigent defendants in state criminal proceedings.

Thus, when the claim is merely that the public defender failed to adequately represent the client

in his criminal proceedings, it does not state a cognizable claim under § 1983.  *See also Gilbert*

*v. Corcoran*, 530 F.2d 820 (8th Cir. 1976)(conclusory allegations of ineffective assistance of

counsel do not state a claim against public defenders under § 1983).

Fifth, the claims against Colonel J.R. Howard, the Director of the Arkansas State Police,

Dustin McDaniel, the Arkansas Attorney General, and Sandy Sanders, the Mayor of Fort Smith,

are subject to dismissal.  Plaintiff does not allege that any of these Defendants were personally

involved in any of the incidents described in the complaint.  Instead, he names them as

defendants by virtue of the offices they hold.  "In the section 1983 context, supervisor liability

is limited.  A supervisor cannot be held liable, on a theory of respondeat superior, for an

employee's unconstitutional actions." *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995).  Instead,

a supervisor is liable only if he directly participates in the violation or if his failure to train or

supervise caused the violation.  *Tlamka v. Serrell*, 244 F.3d 628, 635 (8th Cir. 2001); *Otey v.*

*Marshall*, 121 F.3d 1150, 1155 (8th Cir. 1997).  To be held liable for a failure to train or

-5-

supervise, it must be shown that the supervisor had notice that the training procedures or supervision were inadequate and the inadequacy would likely cause a constitutional violation. *Tlamka*, 244 F.3d at 635. The complaint is wholly lacking in any allegations suggesting a basis for liability against Colonel J.R. Howard, Dustin McDaniel, or Sandy Sanders. *See also Jett v. Dallas Independent School Distr.*, 491 U.S. 701, 702 (1989)(governmental entity may not be held liable for its employee's violations of § 1981 under a respondeat superior theory). Merely alleging that an office holder has broad powers that could have been utilized to prevent the alleged harm to the Plaintiff does not establish that any of these individual were aware of alleged improprieties with the sobriety checkpoint or even aware of the sobriety checkpoint.

To the extent Plaintiff challenges the lawfulness of the sobriety check point, his "false arrest" or "false incarceration" as a result of the pending DWI charge, these claims are also subject to dismissal. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 486-87. The Court noted that if a successful claim would not demonstrate the invalidity of an outstanding criminal judgment, it should be allowed to proceed.

The rationale of *Heck* has been applied to § 1983 complaints filed while the criminal charges are pending. *See e.g., Smith v. Holtz*, 87 F.3d 108, 113 (3d Cir. 1996). In *Smith*, the Third Circuit stated:

-6-

> We find that [the *Heck*] concerns apply equally to claims that, if successful,
> would necessarily imply the invalidity of a future conviction on a pending
> criminal charge.  A claim by a defendant in an ongoing criminal prosecution
> which necessarily challenges the legality of a future conviction on a pending
> criminal charge lies at the intersection of the federal habeas corpus statute and the
> Civil Rights Act of 1871.  If such a claim could proceed while criminal
> proceedings are ongoing, there would be a potential for inconsistent
> determinations in the civil and criminal cases and the criminal defendant would
> be able to collaterally attack the prosecution in a civil suit.  In terms of the
> conflicts which *Heck* sought to avoid, there is no difference between a conviction
> which is *outstanding* at the time the civil rights action is instituted and a *potential*
> conviction on a pending charge that may be entered at some point thereafter.

*Smith*, 87 F.3d at 113.  Accordingly, to the extent Plaintiff challenges his arrest and incarceration as a result of the pending charges, his claim is barred by *Heck*.

### 3.  Conclusion

Accordingly, I recommend that the application to proceed IFP be denied and the complaint dismissed on the grounds the claims are frivolous, fail to state claims, seek relief against a defendant who is immune from suit, or are not presently cognizable.  *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action may be dismissed on such grounds at any time).

**Plaintiff has fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 8th day of August 2011.

/s/ *J. Marschewski*
_____
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

-7-